UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BRENDA VANCE,

                              Plaintiff,

                    -against-

CITY OF NEW YORK; POLICE OFFICER BISHOY YOUSSEF, (Shield No. 3912), JOSE REYES (Shield No. 967) and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13-CV-5532 (FB)(RML)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

6. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## PARTIES

7. Plaintiff BRENDA VANCE ("plaintiff" or "Ms. Vance") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendant Bishoy Youssef, Shield No. 3912 and Jose Reyes (Shield No. 967), were police officers, acting as an agents, servants and employees of defendant City of New York and the NYPD. Defendant Youssef and Reyes are sued in their individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On or about July 1, 2013, lawfully in the vicinity of 86 E. 94th Street, Brooklyn, New York.

14. Plaintiff was talking with her friend, Regina, when several New York City Police Officers, including defendants Youssef and Reyes, approached them.

15. The officers picked an empty bottle of beer from of the ground and accused plaintiff of drinking from it.

16. Plaintiff maintained that she was drinking soda, and just threw the cup away.

17. The officers told her to go through the garbage and find it. Plaintiff said the objected to being forced to go through the garbage.

18. The officers then asked for identification, and Ms. Vance provided it.

19. Despite the fact that they had no probable cause to believe that she had committed any crimes or offenses, the officers including defendant Youssef, placed plaintiff under arrest.

20. In so doing, the officers then threw her up against a metal gate and used

excessive force to put her hands in handcuffs.

21. The officers then threw her to the ground, causing her head to slam off the ground.

22. Plaintiff pleaded with the officers to loosen the handcuffs, but they refused to do so. In fact, the officers tightened the handcuffs in response.

23. The officers then pulled her to her feet and maced her in the face twice.

24. Plaintiff was eventually taken to 75th precinct.

25. At the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit the following offenses: disorderly conduct, consumption of alcohol in public and resisting arrest.

26. At no point did defendants observe plaintiff commit any crimes or offenses.

27. Defendants fabricated these statements and prepared these documents in an effort to cover-up their unlawful use of excessive force and arrest of plaintiff.

28. From the precinct plaintiff was transported to Brooklyn Central Bookings and later arraigned in Kings County Criminal Court.

29. Plaintiff's criminal charges were subsequently dismissed.

30. After approximately twenty-four hours in custody, plaintiff was released.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

32. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

33. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

34. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Unreasonable Force**

39. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

40. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Ms. Morales.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
**Failure To Intervene**

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

44. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The individual defendants issued legal process to place Plaintiff under arrest.

48. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of her.

49. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The individual defendants created false evidence against Plaintiff.

53. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

54. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   February 12, 2014
         New York, New York

                                    /ss/
                            Robert Marinelli
                            299 Broadway, 15th Floor
                            New York, New York 10007
                            (212) 822-1427

                            *Attorney for plaintiff*